## Commonwealth v. Abrahams.

*Intoxicating liquors—Condemnation proceedings—When petition can be filed—Prohibition Enforcement Act of March 27, 1923.*

Under the Prohibition Enforcement Act of March 27, 1923, P. L. 34, the district attorney may proceed to condemn liquors legally seized at any time, where all the requisites of the petition have been fulfilled. However, where an answer to the petition is filed denying the unlawful possession or use of the liquor, and a bill of indictment is found and is still pending at the time of the presentation of the petition and answer, the court should order a stay of the proceedings on the petition and answer until the indictment is disposed of; in all other cases, *i. e.*, where no answer to the petition is filed or any claim presented, the court should dispose of the matter in accordance with the law governing such proceedings *in rem.*

Petitions to condemn liquor.   Q. S. Phila. Co., March Sess., 1924, No. 2.

*Charles Edwin Fox* and *Joseph K. Willing*, Assistant District Attorneys, for Commonwealth.

BARTLETT, J., April 2, 1924.—The question presented by petitions to condemn liquor is one of procedure.

The Act of March 27, 1923, P. L. 34, is an act to enforce the 18th Amendment to the Constitution of the United States, and also an exercise of the police power of the State, for the protection of its citizens.   The violation of its provisions is a misdemeanor.

The act likewise provides for the condemnation of liquor seized, which has been used in violation of its provisions, and likewise provides for the condemnation of the vehicle, etc., in which the liquor is transported or contained.

This procedure is set forth in section 11 of the act, which provides: "*A.* No property rights shall exist in any intoxicating liquor or property designed for the manufacture or sale of intoxicating liquor intended for use in violating any of the provisions of this act, or which has been so used, but, upon possession or use of any such intoxicating liquor or property in violation of this act, the same shall be deemed contraband, and *shall* be forfeited to the Commonwealth."

Under this provision, property or liquor seized and alleged to have been used in violation of the act is contraband.

When shall this forfeiture take place?   The act clearly specifies how this shall be done, to wit:

Section 11, clause *B.* "If, upon hearing before the Court of Quarter Sessions or a judge thereof, it appears that any such intoxicating liquor or property so in the custody of the law or any officer was so possessed or intended for use in violating any of the provisions of this act, or has been so used, such intoxicating liquor and property shall be adjudged forfeited and condemned, and shall be disposed of as *hereinafter provided;* or if, upon such hearing, it appears that any vehicle, team, conveyance, craft, receptacle or other property seized under the provisions of this act had been used for the unlawful transportation of intoxicating liquor, such vehicle, etc., shall be adjudged forfeited and condemned, and shall be disposed of as *hereinafter provided*, unless the court shall otherwise order."

The clause immediately quoted, *supra*, provides and refers to the court before whom the petition or hearing shall be heard.

By sub-division (1) of clause *B* of section 11, it is provided: "Upon conviction of any person of a violation of this act, the court *shall* order and direct the sheriff of the county to destroy all such condemned intoxicating liquor and property seized or obtained from such defendant or defendants, except that the court may order the same or any part thereof to be delivered

to a hospital for its use, etc., except that any vehicle, team, conveyance or craft seized under the provisions of this act shall be disposed of as hereinafter provided."

This section gives the court the right, and makes it its duty, to condemn the liquor held by the officers of the State as contraband, for such it is declared to be as soon as seized.

By clause *D*, section 11, it is provided: "The proceedings for the forfeiture or condemnation of all property, the destruction or sale of which is provided for in sub-sections 2 and 3 of clause *B* of this section, shall be *in rem*, in which the Commonwealth shall be the plaintiff and the property the defendant." (This clause then provides for the form of the petition, service, etc.)

Sub-section 2 of clause *B* of section 11 provides as follows: "In any case in which *(a)* the defendant is acquitted of a violation of this act and denies the ownership or possession thereof; or *(b)* no claimant appears; or *(c)*, appearing, is unable to sustain his claim therefor, the court *shall* order all such condemned intoxicating liquor and property (except vehicles, teams, conveyances and crafts) publicly destroyed, etc."

It has been urged that the words "such condemned intoxicating liquor" show the liquor already to have been condemned in some manner. If that were so, there would be no need to have condemnation petitions. We, however, interpret those words to refer to clause *A* of section 11, which states that liquor seized in violation of the act shall be deemed *contraband*. It then further states "shall be forfeited to the Commonwealth."

Sub-section 3 of clause *B* of section 11, referred to in clause *D*, hereinbefore quoted, refers to the condemnation of the vehicles, teams, etc., and, in order to relieve the Commonwealth or its officers from maintaining in its or their possession a team, vehicle, etc., the act, in section 9, provides that "the vehicle, team, conveyance, craft or receptacle shall be returned to the owner upon the execution by him of a good and valid bond, etc., which bond shall be returned to the Court of Quarter Sessions and there held to abide the final disposition of the case."

Whether such petitions should be heard during the pending of an indictment against the person in whose possession liquor was seized, presents a question of policy.

The act provides the proceedings are *in rem*. This being so, what would be the proper practice?

In the matter of "The Palmyra," 25 U. S. 1, Justice Story, at page 14, states: "It is well known that at common law, in many cases of felonies, the party forfeited his goods and chattels to the Crown. The forfeiture did not, strictly speaking, attach *in rem;* but it was a part, or at least a consequence, of the judgment of conviction. It is plain from this statement that no right to the goods and chattels of the felon could be acquired by the Crown by the mere commission of the offence, but the right attached only by the conviction of the offender. The necessary result was that in every case where the Crown sought to recover such goods and chattels, it was indispensable to establish its right by producing the record of the judgment of conviction. But this doctrine never was applied to seizures and forfeitures created by statute *in rem*, cognizable on the revenue side of the exchequer. The thing is here primarily considered as the offender, or rather the offence is attached primarily to the thing, and this, whether the offence be *malum prohibitum* or *malum in se*."

We are, therefore, of opinion that, with the exception of the condemnation of vehicles, etc., otherwise provided for in the act and referred to *supra*, the District Attorney may proceed to condemn liquor at any time, where all the

4 D. & C.

requisites of the petition have been fulfilled. However, where an answer to the petition is filed, denying unlawful possession or use of the liquor, and a bill of indictment is found and is still pending at the time of the presentation of the petition and answer, the court should order a stay of proceedings on the petition and answer until the indictment is disposed of. In all other cases, however, where no answer to the petition of the Commonwealth to condemn is filed or no claim presented, the court should dispose of the matter in accordance with the law governing such proceedings *in rem*.